FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MIGUEL NAVARRETE,<br><br>　　　　　　Defendant. | No. 1:19-CR-02058-SMJ-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING<br><br>**ECF No. 86** |

Before the Court is Defendant's Motion to Reopen Detention Hearing to Consider Conditions of Release (ECF Nos. 86-87). The United States opposes the Motion. On March 27, 2020, the Court reopened the detention hearing to consider Defendant's proffers and the arguments of counsel. 18 U.S.C. § 3142(f). Defendant appeared, by video from the Yakima County Jail, with court-appointed counsel Defender Troy Lee, who appeared by video. Assistant United States Attorney Patrick Cashman represented the United States by video.

Defendant consented to conduct the hearing by video.

ORDER - 1

Because Defendant initially waived his right to a detention hearing (ECF No. 42), the Court treats this as an initial detention hearing. The Court has considered the parties' briefing and supporting materials (ECF Nos. 86-87, 97), the pretrial services reports (ECF Nos. 16, 37, 88), and the proffers and arguments of the parties, and has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to decide whether there were conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released. The Court finds that these factors, as set forth orally by the Court, weigh in favor of Defendant's detention.

Defendant is charged with carjacking. The United States proffered that, on or about July 31, 2019, Defendant and five other individuals forcibly and violently took a vehicle from a victim; that Defendant and his co-defendants forced the victim out of the vehicle and assaulted the victim; that one of the co-defendants brandished a firearm during the altercation; and that the individuals stripped the victim of his shoes and cell-phone and exited the scene in various vehicles, including the victim's vehicle. The allegations against Defendant are serious and the combination of violence and the presence of a firearm, particularly in light of

Defendant's history of gang-related violence and weapons-related offenses, is indicative of potential danger for the community and risk of nonappearance if Defendant were to be released.

The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. Based on the United States' proffer, which included statements made by the identified victim and others, the case has sufficient weight to give the Court concern as to Defendant's dangerousness and risk of nonappearance.

Turning to his history and characteristics, Defendant is 28 years old and was born in Prosser, Washington. He has resided in the District his entire life and has substantial contacts here. His mother, father, and siblings reside in the District and he has contact with them often. His wife of six years resides in Prosser with their five young children. His three children from a prior relationship reside in the District and he has contact with them monthly. He has a limited documented work history; he reports working sporadically (a few months at a time) at a dairy farm, which he has done since he was young. If released, Defendant proposes residing with his sister-in-law, who has no criminal history.

Defendant's criminal history is extensive, dating back to when he was 13 years old, and includes multiple violent and gang-related offenses. He was convicted of drive by shootings in 2008 and 2019, convicted of unlawfully

possessing firearms in 2007 (stolen firearm), 2008, 2009 (two convictions), 2011, and 2014 (with additional conviction for aiming and discharging firearm), and has a pending charge for a controlled substance violation (September 2019). Numerous additional firearm and assault with deadly weapon charges have been dismissed. He has had negative interactions with law enforcement from a young age (convicted of obstructing a law enforcement officer in 2013 and 2018, charged with the same in 2006), and has demonstrated routine noncompliance with court-imposed conditions (six failures to comply). Defendant has failed to appear for hearings over 30 times (not including when he was in prison or when he was hospitalized), including 13 times in one case and has failures to appear as recent as September 2018. He has failed to surrender for service of an imposed sentence twice (2013 and 2018). Additionally, Defendant has engaged in new criminal activity while charges are pending. On this record, the Court is insufficiently assured that Defendant will continue to appear at court hearings and abide by any conditions it sets. Defendant's proposed release plan does not adequately alleviate the Court's concerns.

The Court finds that the United States has met its burden to show by clear and convincing evidence that there are no conditions or combination of conditions other than detention that will reasonably assure the safety of the community, and

by a preponderance of the evidence that there are no conditions or combination of conditions that will reasonably assure the appearance of Defendant as required.

Accordingly; **IT IS HEREBY ORDERED:**

1. The Motion to Reopen Detention Hearing (**ECF No. 86**) is **DENIED**. Defendant shall remain held in detention pending disposition of this case or until further order of the Court.

2. If Defendant seeks review of this Order pursuant to 18 U.S.C. § 3145(b), attorney for Defendant shall file a written motion for revocation or amendment of this Order within ten (10) days before the district judge to whom this case is assigned and note it for hearing at the earliest possible date. Both parties are responsible to ensure the motion is determined promptly.

DATED March 27, 2020.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 5